## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| COMPAÑÍA ADMINISTRADORA DE RECUPERACIÓN DE ACTIVOS ADMINISTRADORA DE FONDOS DE INVERSIÓN SOCIEDAD ANÓNIMA, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  05-3071 |
| TITAN INTERNATIONAL, INC., | ) ) ) | |
| Defendant. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff Compañía Administradora de Recuperación de Activos Adminstradora de Fondos de Inversión Sociedad Anónima's (Bank) Motion to Strike Defendant Titan International, Inc.'s (Titan) Fourth and Fourteenth Affirmative Defenses (d/e 16) (Motion to Strike).  For the reasons set forth below, the Motion is ALLOWED, in part, and DENIED, in part.  A portion of the Fourteenth Affirmative Defense is stricken, but the remainder of the Motion is denied.

The Bank has brought this action against Titan to collect on a written

guaranty (Guaranty) of the debts of a Uruguayan company known as Fábrica Uruguaya de Neumáticos, S.A. (FUNSA).  <u>Complaint (d/e 1)</u>.  The Bank attached to the Complaint copies of the Guaranty and the underlying promissory notes, all written in Spanish, along with English translations. <u>Complaint</u>, Exhibits A and B.

Titan alleges as its Fourth Affirmative Defense that the person signing the Guaranty on behalf of Titan (identified on the Guaranty as Gary L. Carlson, Vice President) lacked authority to sign the Guaranty on behalf of Titan because he was not an officer of Titan.  <u>Amended Answer, Affirmative Defenses and Demand for Jury Trial (d/e 13) (Amended Answer)</u> at 3.

Titan alleges as its Fourteenth Affirmative Defense that the Guaranty was a product of fraud.  Titan alleges that: (1) the Guaranty itself is a forgery (the Forgery Defense); (2) that if the document is not a forgery, then Titan has reason to believe that FUNSA and/or the Bank's predecessor, Banco de La República Oriental de Uruguay (BROU), engaged in fraud to induce Titan's representative to sign the Guaranty (the Fraud Defense); and (3) Titan has reason to believe that the signatures of FUNSA officers on the underlying loan documents are not authentic (the Authentication Defense). <u>Id.</u> at 5-8.

2

The Bank asks the Court to strike these defenses.  A party may move to strike, "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," from any pleading.  <u>Fed. R. Civ. P.</u> 12(f).  Motions to strike, however, are disfavored and should only be granted when a defense is clearly insufficient on the face of the pleadings.  <u>Heller Financial, Inc. v. Midwhey Powder Co., Inc.</u>, 883 F.2d 1286, 1294 (7th Cir. 1989); <u>Imperial Const. Management Corp. v. Laborers' Intern. Union of North America, Local 96</u>, 818 F.Supp. 1179, 1186 (N.D.Ill. 1993).[1]  The Fraud Defense is insufficient on its face, but the other defenses are sufficiently pled.

A.    <u>Fourth Affirmative Defense</u>

The Bank submits a Titan corporate resolution to prove that Carlson had authority to bind Titan.  <u>Memorandum in Support of Plaintiff's Motion</u>

---

[1]The assertions that: (1) Carlson lacked authority to bind Titan; (2) the Guaranty is a forgery; and (3) the signatures on the underlying loan documents are not authentic, arguably, may not be affirmative defenses because these assertions dispute elements of the Bank's prima <u>facie</u> case on which the Bank may have the burden of proof, <u>i.e.</u>, that Titan effectively executed the Guaranty and the underlying guaranteed obligations exist. <u>See</u> <u>Brunswick Leasing Corp. v. Wisconsin Cent., Ltd.</u>, 136 F.3d 521, 530 (7th Cir. 1998)("The appropriate analysis for determining what falls into the 'any other' category [of affirmative defenses not specifically listed in Rule 8(c)] is not well settled, especially in diversity cases.").  The Bank, however, does not challenge these defenses on these grounds, and, because motions to strike are disfavored, the Court will not address this issue.

to Strike Defendant's Fourth and Fourteenth Affirmative Defense, (d/e 17),
Exhibit A.  This document is outside the pleadings.  The Court will not go
outside the face of the pleadings to evaluate the Affirmative Defense.  Heller
Financial, 883 F.2d at 1294.  The Bank may raise the corporate resolution
at summary judgment or at trial to prove Carlson's authority to bind Titan.
At this point, the Court must assume Titan and its counsel have made
reasonable inquiry and have a good faith basis for pleading this defense.  See
Fed. R. Civ. P. 11(b).  The defense will not be stricken.

      B.     The Fourteenth Affirmative Defense

      The Bank asks the Court to strike this defense because the claim of
fraud is not pleaded with particularity.  An affirmative defense of fraud must
be pleaded, and must be pleaded with particularity.  Fed. R. Civ. P. 8(c) &
9(b).  Generally, a party claiming fraud must allege: (1) the identity of the
person making the misrepresentation; (2) the time, place, and content of the
misrepresentation; and (3) the method by which the misrepresentation was
communicated.  Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d
771, 777 (7th Cir. 1994).  A party may be relieved of the obligation to plead
fraud with particularity if: (1) the facts are inaccessible, and (2) the party
sets forth the grounds for the suspicion of fraud.  Corley v. Rosewood Care

Center, Inc., 142 F.3d 1041, 1050 (7th Cir. 1998); Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677, 684 (7th Cir. 1992).

The Forgery Defense and the Authentication Defense, within the Fourteenth Affirmative Defense, do not allege that anyone defrauded Titan. Rather, these portions of the Fourteenth Affirmative Defense allege that the Bank submitted to the Court to support its Complaint: (1) a forged Guaranty; and (2) promissory notes that contain signatures that are not authentic.[2]  These allegations do not require proof of fraud, and as such, do not need to be pleaded with particularity.  The allegations are sufficient to give the Bank notice of these two defenses.  Fed. R. Civ. P. 8(b).  The Court again must assume that Titan and its counsel made reasonable inquiry and have a good faith basis for making these allegations in its pleading.  See Fed. R. Civ. P. 11(b).  The Court, therefore, will not strike them.

The Fraud Defense, within the Fourteenth Affirmative Defense, however, is a claim of fraud.  Titan claims that the Guaranty, "is the result of fraud and/or was fraudulently induced and based upon

---

[2]The Fourteenth Affirmative Defense uses the term "loan documents" rather than promissory notes.  It is conceivable that Titan is alleging that some other loan documents not attached to the Complaint, rather than the attached promissory notes, contain the signatures that are not authentic.

5

misrepresentations made to defendant concerning the terms of the alleged guaranty, including terms relevant to duration and type of liability, with the written terms not reflecting any agreement made by the defendant . . . ." Amended Answer at 6.  Titan alleges that it has a policy not to guarantee contracts for more than 12 to 15 months, but the Guaranty, by its terms, is for an unlimited duration.  Titan further alleges that it was never given an English version of the Guaranty.  Titan alleges, on information and belief, that representatives of BROU misrepresented the contents of the Guaranty, written in Spanish, to induce Titan's representatives to execute the Guaranty.  Id.  Titan further alleges, on information and belief, that representatives of BROU represented to Titan's representatives that Titan would be able to proceed against FUNSA's assets in the event of a default. Titan alleges that this representation was false.  Id. at 7.

Titan does not allege these claims of fraud with sufficient particularity. Titan does not allege any details about any representations made to its representatives regarding the duration of the Guaranty or Titan's right of recourse against FUNSA's assets.  Titan states that it does not have the facts on which to allege the representations with particularity because it does not have access to the records or personnel of FUNSA.  Titan does not need

access to the records or the personnel of FUNSA to allege the nature of the misrepresentations with particularly. The misrepresentations were made to Titan's representatives. Titan need only ask its own representatives involved in the transactions to learn the details of the misrepresentations. Titan, therefore, does not need discovery from FUNSA to allege the misrepresentations with particularly. Titan has not done so. The Fraud Defense within the Fourteenth Affirmative Defense is stricken. Titan may, however, assert that the Guaranty is a forgery and that the signatures of the FUNSA officers on the underlying loans documents are not authentic.

Titan asks the Court to strike the Fraud Defense without prejudice. The Court does not need to do this. This is an interlocutory order. Should Titan develop facts in discovery on which it can base an affirmative defense of fraud, it may file a motion for leave to amend its pleadings. The Court will evaluate any motion to amend at the time that it is made under the circumstances then existing. See Fed. R. Civ. P. 15(a), 16(b)(1) & (c)(2).

THEREFORE, Plaintiff Compañía Administradora de Recuperación de Activos Adminstradora de Fondos de Inversión Sociedad Anónima's Motion to Strike Defendant Titan International, Inc.'s Fourth and Fourteenth Affirmative Defenses (d/e 16) is ALLOWED, in part, and

DENIED, in part.  The Court denies the request to strike the Fourth Affirmative Defense.  The Court denies the request to strike those portions of the Fourteenth Affirmative Defense that allege: (1) the Guaranty is a forgery; and (2) the signatures of FUNSA officers on the underlying loan documents are not authentic.  The Court strikes the remainder of the Fourteenth Affirmative Defense.

IT IS THEREFORE SO ORDERED.

ENTER:  November 10, 2005.

FOR THE COURT:

_____s/  Jeanne E. Scott_____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE