E-FILED
Friday, 21 April, 2006  04:04:52 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| COMPANIA ADMINISTRADORA DE RECUPERACION DE ACTIVOS ADMINISTRADORA DE FONDOS DE INVERSION SOCIEDAD ANONIMA, | ) ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-CV-3071 |
| | ) | |
| TITAN INTERNATIONAL INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Before the Court is Plaintiff's Motion to Strike Certain of Defendant's Witnesses [47], Defendant's Response [48], and Plaintiff's Reply [51].

## BACKGROUND

On June 15, 2005, the Court held a scheduling conference and entered various scheduling deadlines pursuant to Rule 16(b).  That Scheduling Order [11] established a deadline of December 1, 2005 for Defendant to disclose experts and tender expert reports.  That same scheduling order set a deadline of January 31, 2006 for the close of fact discovery.  On November 1, 2005, the deadline for Defendant to disclose

expert witnesses was extended by the Court to February 3, 2006.  On January 17, 2006, the fact discovery deadline was extended by the Court to close on February 28, 2006.

According to Plaintiff's Motion to Strike [47], Defendant disclosed four new fact witnesses and two expert witnesses on February 21, 2006. Plaintiff complains the experts are disclosed in an untimely fashion and must be stricken.  Plaintiff argues the late disclosure of the four "fact" witnesses, only seven days before the close of fact discovery, effectively prevents Plaintiff from any meaningful opportunity to depose the newly disclosed witnesses and asks that the fact witnesses also be stricken.

Defendant Titan argues in its Response [48] that various "understandings" between counsel concerning discovery require the Court to deny Plaintiff's Motion to Strike and should cause the Court to grant various extensions of discovery to allow fact and expert discovery to be revisited.[1]  Titan's argument is conclusory and is without the support of correspondence and/or e-mails between opposing counsel.

---

[1]**In support, Titan directs the Court to Exhibit G of Plaintiff's Motion to Strike [47], but fails to discuss Exhibit H, Plaintiff's e-mail response which clearly negates Titan's position.**

ANALYSIS

Federal Rule of Civil Procedure 16(b) directs the Court to enter a scheduling order that limits the time to complete various aspects of each civil case.[2]  That same rule states that the schedule established by the Court "shall not be modified except upon a showing of good cause . . . ."[3] Rule 26(a)(2)(C) states that disclosures of expert witnesses shall be made at the time and in the sequence directed by the court.   Under Rule 16(f), if a party or a party's attorney fails to obey a scheduling order, the court may make such orders with regard thereto as are just.  Under Rule 37(c), the court can prevent the use at trial of any witness who is not properly and timely disclosed.

The schedule for fact discovery and expert discovery was clearly set forth by the Court in this litigation.  There should have been no mistake by the parties as to what deadlines control.   When there is a clear violation of Rule 26 as it pertains to the disclosure of expert witnesses, the court has in its discretion, the sanction of precluding the expert witness from testifying.

---

[2] **Local Rule 16.2(E) states: "The scheduling order shall contain certain deadlines for the following: . . . (3) Disclosure of expert witnesses;"**

[3] **Local Rule 16.2(D) states: "The parties and their counsel are bound by the dates specified in the scheduling order absent a finding of due diligence and good cause for changing said dates."**

See <u>Salgado v. General Motors Corp.</u>, 150 F.3d 735, 742 (7th Cir., 1998).

See also <u>Finley v. Marathon Oil Co.</u>, 75 F.3d 1225, 1230 (7th Cir., 1996).

Herein, the Court must review the late disclosure to see if it was either

justified or harmless.  Titan has established neither of these mitigating

circumstances herein.

     The Court's responsibility herein is to judicially exercise its discretion

while following the dictates of the above cited Federal Rules of Civil

Procedure.  The Court should follow and enforce the deadlines plainly set

out in the various court orders and minute entries in this cause unless good

cause and due diligence is shown to deviate therefrom.  The reasons

offered by Defendant for its failure to <u>timely</u> designate expert witnesses are

weak at best.  Defendant was aware of the February 3, 2006 deadline

since November 1, 2005.  That deadline came and went without 1) any

timely disclosure of experts by Defendant,  2) a timely service of expert

reports, or 3) a timely motion to extend the expert disclosure deadline.

The fact discovery "problems" might explain Defendant's inability to timely

disclose experts, but standing alone does not establish good cause for

taking no action before February 3, 2006.  The discovery "problems" should

have caused Defendant to foresee a need to move the Court prior to the

February 3, 2006 deadline for an extension of their expert disclosure date.
Defendant should have re-evaluated its expert disclosure deadline much
earlier in the case and complied with the requirements of Local Rule 6.1
which requires:  "Any party seeking an extension of time for any reason
must file a motion for such extension before the original deadline.   Motions
filed out of time will be denied, unless the presiding judge determines that
such denial would create a substantial injustice."

Under the above chronology of facts, and the reasons stated by
Defendant, the Court <u>cannot</u> and does not find that there was an
agreement between the parties to allow the late disclosure of Defendant's
expert witnesses.  Wherefore, Plaintiff's motion to strike the late-filed expert
witnesses as requested by Plaintiff in it's motion [47] is allowed.

Focusing now on the four fact witnesses Titan disclosed on February
21, 2006, the Court's focus is whether or not the disclosure (within seven
days of the close of fact discovery) causes such prejudice to Plaintiff that
the witnesses should be stricken.  The Court notes that the dispositive
motion deadline herein does not run until June 1, 2006.  The Court, in lieu
of striking the four fact witnesses, allows a period of time until May 19,
2006 for the four fact witnesses to be telephonically deposed.  All costs for

the four telephonic depositions to be paid by Titan.  Plaintiff, however, remains responsible for the fees of their counsel for the four telephonic depositions, if scheduled by Plaintiff.  Wherefore Plaintiff's motion to strike the four fact witnesses is denied.

## CONCLUSION

WHEREFORE Plaintiff's Motion to Strike Certain of Defendant's Witnesses [47] is ALLOWED in part and DENIED in part.


ENTER:   April 21, 2006


FOR THE COURT:              s/ Byron G. Cudmore

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE